UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 06-20255-CR-UNGARO-BENAGES

UNITED STATES OF AMERICA,

vs.

ARMANDO FIGUEREDO and
ANGELA SAINZ,

                        Defendants.
_____/

**ORDER GRANTING GOVERNMENT'S MOTION
IN LIMINE TO EXCLUDE EXPERT TESTIMONY AND EVIDENCE**

THIS CAUSE is before the Court on the Government's Motion in Limine to Exclude Expert Testimony and Evidence. DE 63. The Court has considered the Motion and is otherwise fully advised in the premises.

As noted in *U.S. v. Frazier*, 387 F.3d 1244 (11th. Cir. 2004):

> [I]n determining the admissibility of expert testimony under Rule 702,[1] we engage in a rigorous three-part inquiry. Trial courts must consider whether:
>
> (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

*Id*. at 1260. Defendant bears the burden to establish the foregoing elements. *Id*.

---

[1] Fed. R. Evid. 702 provides that:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

In this case, the indictment alleges, *inter alia*, that the Defendants conspired to pay, and paid kickbacks to health care professionals to obtain referrals of Medicare beneficiaries. *See* DE 3. Defendant Figueredo seeks the admission of expert testimony by Michael F. O'Rourke, CPA, pertaining to his analysis of the correlation between alleged kickbacks and Medicare payments. *See* DE 63 at Ex. 1.

Having considered Defendant's argument and the expert report in light of the indictment, the Court finds that Defendant has failed to establish that the testimony will assist the trier of fact. Significantly, this is not a financially complex case (*see e.g.* DE 66) and Defendant has not shown that the proposed testimony "concerns matters that are beyond the understanding of the average lay person." *Frazier*, 387 F.3d 1262-63 (also noting that "[p]roffered expert testimony generally will not help the trier of fact when it offers nothing more than what lawyers for the parties can argue in closing arguments."). The Court also finds that the proposed expert testimony is not relevant to any material issue in the case and cannot be used properly for impeachment. Specifically, the relevant material issue is whether the informant was paid kickbacks; not the wholly collateral issue of whether the payments made to the informant "correlate" based on a linear regression analysis with the percentages discussed with the Defendant Figueredo. Accordingly, it is

ORDERED AND ADJUDGED that the Government's Motion (DE 63) is GRANTED.

DONE AND ORDERED in Chambers at Miami, Florida, this 20th day of October, 2006.

*/s/ Ursula Ungaro*
_____
URSULA UNGARO-BENAGES
UNITED STATES DISTRICT JUDGE

copies provided:
Counsel of Record